_____

No. 95-2428
_____

United States of America,          *
                                   *
       Plaintiff - Appellee,       *
                                   * Appeal from the United States
     v.                            * District Court for the
                                   * Southern District of Iowa.
Stephen Charles Barrett,           *
                                   *
       Defendant - Appellant.      *


_____

Submitted:  November 14, 1995

Filed:  January 23, 1996
_____

Before HANSEN, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.


       Stephen Barrett appeals from his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (1994). Barrett argues that there was insufficient evidence to convict him. We affirm Barrett's conviction.

       Larry Wilhelm, with help from Martin Cecil and William Markell, sold methamphetamine in Keokuk, Iowa.  Wilhelm obtained his methamphetamine in California from his cousin and another man. Consequently, Wilhelm had to arrange for the transportation of his methamphetamine from California to Iowa.

       Before his arrest, Barrett lived in California and knew

Wilhelm's cousin, who introduced Barrett to Wilhelm. Barrett made several trips from California to Iowa and met Wilhelm in Iowa on these trips.

On September 23, 1994, the United States government charged Barrett with conspiracy to distribute methamphetamine in Iowa, alleging that Barrett transported methamphetamine from California to Iowa for Wilhelm.

At trial several witnesses testified that Barrett transported methamphetamine for Wilhelm. Wilhelm testified that he usually paid everyone who transported methamphetamine for him $1,000 per trip. He further testified that his cousin introduced him to Barrett and asked him to use Barrett to carry methamphetamine because Barrett needed the money. Wilhelm stated that he agreed to use Barrett and that Barrett made approximately twenty trips for him.

Markell testified that he met Barrett on a trip to California with Wilhelm. Markell stated that while in California Wilhelm gave methamphetamine to Barrett so Barrett could transport the methamphetamine back to Iowa for Wilhelm. Cecil testified that he twice accompanied Wilhelm to Council Bluffs, Iowa to pick up methamphetamine from Barrett.

Barrett testified in his own defense and denied being a part of Wilhelm's conspiracy. Barrett testified that he had hemochromatosis, an extremely painful physical condition, and that he smoked marijuana to lessen the pain of his condition. Barrett stated that he traveled to Iowa to purchase marijuana because it was cheaper in Iowa than in California. Barrett admitted that he knew Wilhelm, but he denied that he transported methamphetamine for Wilhelm.

The jury found Barrett guilty of conspiracy to distribute

methamphetamine.  He appeals his conviction, arguing that the
government did not prove him guilty beyond a reasonable doubt.

In reviewing the sufficiency of the evidence to support a
guilty verdict, we look at the evidence in the light most favorable
to the verdict and accept as established all reasonable inferences
supporting the verdict.  We then uphold the conviction only if it
is supported by substantial evidence.  United States v. Plenty
Arrows, 946 F.2d 62, 64 (8th Cir. 1991); see also Glasser v. United
States, 315 U.S. 60, 80 (1942).  In order to prove Barrett engaged
in a conspiracy to distribute methamphetamine, the government had
to establish that: (1) there was an agreement to distribute
methamphetamine; (2) Barrett knew of this agreement; and (3)
Barrett knowingly became a part of the conspiracy.  United States
v. Rogers, 982 F.2d 1241, 1244 (8th Cir.), cert. denied, 113 S. Ct.
3017 (1993).

Barrett argues that there was no credible evidence to prove
that he was a part of Wilhelm's conspiracy.  Barrett argues that
there is no physical evidence linking him to the conspiracy, and
that the only testimony linking him to the conspiracy is Wilhelm's,
which is incredible and contradicted by other government witnesses.
Barrett asserts that Wilhelm's statement that Barrett carried
methamphetamine from California to Iowa approximately twenty times
is incredible because his physical condition makes it impossible
for him to take that many trips.  Barrett also argues that the
government's other witnesses only saw him in Iowa once or twice.

After reviewing all of the evidence presented at Barrett's
trial, we conclude that there was enough evidence to support
Barrett's conviction.  Wilhelm, Markell, and Cecil testified that
Barrett knowingly took part in their conspiracy by transporting
methamphetamine from California to Iowa.  This testimony is enough
evidence to convict Barrett, even though others, including Barrett,
testified differently.  It is for the jury to decide who to believe

-3-

and who not to believe.  A reasonable jury could have decided to believe Wilhelm, Markell, and Cecil and disregard the contrary testimony of other witnesses.

We affirm Barrett's conviction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.