# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3139

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jesus Correa, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 15, 1998

Filed:  January 25, 1999

_____

Before MCMILLIAN, LAY and HALL,[1] Circuit Judges.

_____

LAY, Circuit Judge.

Jesus Correa was convicted of one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of conspiracy

_____

[1]The Honorable Cynthia H. Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

to distribute methamphetamine, in violation of 21 U.S.C. § 846. The district court[2] sentenced Correa to 41 months and five years supervised release. Correa contends (1) that the district court should have given him a four-level reduction for minimal participation instead of the two-level reduction for a minor role, (2) that the court should have departed downward because Correa was allegedly unaware of the purity of the methamphetamine, and (3) that the evidence was insufficient to support his conviction. We affirm.

## I. FACTS

This appeal arises from a series of eight drug transactions beginning on May 1, 1997. Jesus Correa was allegedly involved in three of these transactions.[3] On May 6, 1997, Jesus Correa gave his acquaintance, Israel Lizarraga-Gil, a ride to a lumber yard in Hopkins, Minnesota. Both Correa and Lizarraga migrated to the Hopkins area from the same town in Mexico and spoke very little English. Once at the lumberyard, Lizarraga got out of the car and engaged in a drug transaction with an undercover police officer while Correa waited in the car.

On May 9, 1997, the officer arranged to meet Lizarraga again in order to purchase $200 worth of methamphetamine. This time Lizarraga drove his own car to the lumberyard. When the officer asked for the drugs, Lizarraga said he had to go retrieve them. Lizarraga returned with Correa in the passenger seat. When they arrived at the lumberyard, the officer drove up alongside Lizarraga's car so that the passenger door of Lizarraga's car was next to the officer's driver's side window. Correa handed

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[3]Correa admits that he was present during the May 6, 1997, and the May 9, 1997, transactions. The government also claims that Correa was present during a transaction on May 20, 1997, but he denies being present on that day.

the officer a clear baggie containing methamphetamine. Because the there was more meth in the baggie than the one eighth of an ounce they had discussed, the officer handed it back stating that he did not have more than $200 with him. The officer testified that at this point Correa and Lizarraga talked briefly between themselves in Spanish. Then they told the officer in English that they would take the $200 and he could pay them the rest of the money later. The officer could not recall what was specifically said by Correa. The officer also testified that Lizarraga gave him a new pager number, stating it was the number to contact Correa.

Although the transaction was videotaped, there was no audiotape of the deal. The videotapes showed Lizarraga and Correa talking for a few seconds after the officer informed them of his lack of funds. The videotape also shows both Lizarraga and Correa communicating with the officer.

Police conducted a drug bust of the lumberyard on July 10, 1998. Although Correa was not present during this drug bust, the police searched his house. They found a digital scale, which was not tested for drug residue. A pager was also seized, but the number did not match the number used during the drug deals.

Correa was charged with four counts of aiding or abetting the distribution of methamphetamine and one count of conspiracy. After a jury trial, he was convicted of one count of aiding and abetting the distribution of meth which occurred on May 9, 1997, and the conspiracy count. The district court sentenced Correa to 41 months. During sentencing, the court refused to grant a four-level reduction for minimal participation, but granted a two-level reduction for a minor role. Furthermore, Correa was only held accountable for the one-half ounce of meth involved in the May 9, 1997, transaction.

## II. DISCUSSION

### A. Sentence Reduction for Minimal Participation

Although Correa was granted a two-level reduction for a minor role, he argues that he was entitled to a four-level role reduction for minimal participation under United States Sentencing Guidelines section 3B1.2. We have held that "the determination under § 3B1.2 of whether a defendant is a minor or a minimal participant in an offense may be reversed if clearly erroneous." *United States v. Westerman*, 973 F.2d 1422, 1428 (8th Cir. 1992). The burden is on the defendant to prove that he warrants the reduction. *United States v. Chatman*, 119 F.3d 1335, 1341 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 434 (U.S. Nov. 10, 1997)(No. 97-6393). We conclude that the district court's finding that Correa was a minor participant is not clearly erroneous.

The United States Sentencing Guidelines define a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." United States Sentencing Commission, Guidelines Manual, §3B1.2, comment (n.3)(Nov. 1998). In describing minimal participation, the commentary provides:

> It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant.

U.S.S.G. § 3B1.2, comment (n.1). The guidelines also provide that "the downward adjustment for a minimal participant will be used infrequently." *Id*. at n.2.

Correa contends that he was entitled to the reduction for minimal participation because he was merely a courier. Correa further contends that he lacked the knowledge of the scope and structure of the drug scheme involved. We disagree.

The court found that "[t]here were several incidents in which the jury found that Mr. Correa was involved" and that those circumstances only qualified him for the minor participant reduction. This finding is not clear error. It is undisputed that Correa

was present both on May 6, 1997, and May 9, 1997. Also he did more than simply hand over the drugs on May 9; he helped negotiate the price.

## B. Downward Departure

Correa contends that the district court should have considered a downward departure from the sentencing guidelines for lack of knowledge of and control over the quantity and purity of the narcotics. It is well-established by this court that we do not have the authority to review the refusal to grant a downward departure, *United States v. Evidente*, 894 F.2d 1000,1004-05 (8th Cir. 1990), unless the district court determined it lacked authority to consider a particular mitigating factor. *United States v. Beltran*, 122 F.3d 1156, 1158 (8th Cir. 1997)(citation omitted).

During sentencing, the district court considered the arguments put forth by the defense in favor of a departure and did not find "the type of extraordinary circumstances . . . which would warrant granting the motion for a downward departure in this case." There is no indication that the district court determined that it lacked authority to depart. Instead, the court found that Correa's situation fell within the norm of cases considered by the Guidelines. Because the district court recognized its authority to depart but simply chose not to do so, we do not have jurisdiction to review its decision not to depart.

## C. Sufficiency of the Evidence

Finally, Correa contends that the evidence did not support his conviction for distribution and conspiracy. The standard of review for a sufficiency of the evidence claim is whether the conviction is supported by substantial evidence. *United States v. Barrett*, 74 F.3d 167, 168 (8th Cir. 1996). Viewed in the light most favorable to the verdict, there is sufficient evidence to convict Correa of the drug deal on May 9, 1997, and of conspiracy. On May 9, 1997, Correa was videotaped making a hand-to-hand

sale of drugs to an undercover police officer. The videotape also shows him consulting with Lizarraga when the officer did not have enough money to pay. The police officer testified that both Correa and Lizarraga told him he could pay the rest of the money later. Correa was also present on May 6, 1997, even though he did not participate actively on that date.

Correa argues that the evidence is insufficient because he did not have the specific intent necessary to support his conviction. He argues that intent cannot be proven simply because he handed over the drugs. We are unpersuaded by this argument. Correa did more than hand over the drugs. According to the undercover officer's testimony, he discussed the price with Lizarraga and relayed that information to the undercover officer.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.