# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3426

———————

United States of America,      *
    *
        Appellee,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    Western District of Missouri.
Ellen Leger,     *
    *    [UNPUBLISHED]
        Appellant.     *

———————

Submitted:  May 3, 1999
Filed:  May 21, 1999

———————

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Ellen Leger appeals her conviction and sentence for knowingly using intimidation with intent to prevent the testimony of a witness, in violation of 18 U.S.C. § 1512(b).  We affirm.

For reversal, Leger argues that an 8-level enhancement assessed against her under U.S. Sentencing Guidelines Manual § 2J1.2(b)(1) (1998) ("causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice") amounts to double counting.  "Double counting occurs when one part of the Guidelines is applied to increase a defendant's

punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997) (citation and internal quotations omitted). We review de novo the question of double counting under the Guidelines. See id. The background commentary to section 2J1.2 indicates that the Guidelines provision addresses a number of offenses of "varying seriousness" that involve the obstruction of justice. The specific offense characteristics, which include the 8-level increase here, are intended to "reflect the more serious forms of obstruction." USSG § 2J1.2, comment. (backg'd.). Thus we cannot say that Leger's act of threatening physical injury in order to obstruct justice was taken into consideration in calculating the base offense level. Therefore, no impermissible double counting occurred.

Leger also argues that she was entitled to a downward departure under USSG § 5K2.0 because her case falls outside the "heartland" of cases. The district court applied the language of section 5K2.0, and simply chose not to depart under the facts of this case. We lack jurisdiction to review such a discretionary decision. See United States v. Correa, 167 F.3d 414, 417 (8th Cir. 1999).

Finally, Leger raises ineffective-assistance claims, but we decline to address them because such claims would be better addressed in a 28 U.S.C. § 2255 proceeding. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.