# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2191

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| John William Ploetz, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 7, 2001
Filed:  June 12, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

John William Ploetz pleaded guilty to one count of wire fraud and one count of engaging in monetary transactions in criminally derived property.  At sentencing, the district court[1] imposed enhancements based upon the value of funds, Ploetz's knowledge that the funds were proceeds of an illegal activity, and Ploetz's abuse of a position of trust; the court also granted Ploetz's departure motion based upon his diminished mental capacity.  The court sentenced Ploetz to concurrent terms of 24

---

[1]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

months imprisonment and three years supervised release on each count, and ordered him to pay $203,097 in restitution. On appeal, Ploetz challenges each of the enhancements, the extent of the court's departure, and the denial of his motion for departure based on post-offense rehabilitation; he also challenges the enhancements under Apprendi v. New Jersey, 530 U.S. 466 (2000).

Having carefully reviewed the record, we conclude the district court did not err in imposing each enhancement, for the reasons stated by the district court; further, we do not review the extent of the departure granted or the discretionary decision to deny a departure for post-offense rehabilitation. See United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993); United States v. Correa, 167 F.3d 414, 417 (8th Cir. 1999). We also reject Ploetz's Apprendi challenge, as imposition of the enhancements did not result in a sentence exceeding the statutory maximum authorized for his crimes. See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.