# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1995

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Andres Gutierrez-Manzanarez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2003

Filed: March 13, 2003

_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.


Andres Gutierrez-Manzanarez pled guilty to conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), for which the district court[1] sentenced him to 144 months in prison, to be followed by five years of supervised release. Gutierrez appeals the sentence, contending that the district court erred by denying his request for a minimal-participant reduction under

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

U.S.S.G § 3B1.2(a) and his request for a 2-level reduction under the safety valve provision in U.S.S.G § 2D1.1(b)(6).  We affirm.

## I.

In February 2001, undercover drug enforcement agents met with and purchased methamphetamine from Catalino Villa-Maldonado and his brother Gustavo. Thereafter, on multiple occasions agents saw the men enter an apartment located at 2902 Polk Street, Northeast, in Minneapolis, Minnesota.  In March 2001, agents learned that Gustavo had returned to Mexico and that Villa-Maldonado would handle future narcotics transactions. On March 29, 2001, just prior to a pre-arranged drug sale, undercover agents arrested Villa-Maldonado and seized 887.18 grams of methamphetamine from his vehicle.  Shortly thereafter, agents executed a search warrant at 2902 Polk Street, Apartment #10.  Gutierrez, his wife, and their two children were in the apartment at the time it was searched.  Agents seized 4,225.38 grams of methamphetamine from a locked storage locker located on the premises, together with, among other items, $1,130 in U.S. currency, a digital scale, drug notes, two keys to the storage locker, and two cellular telephones from the apartment.

## II.

## A.

Gutierrez contends that he was a minor participant in the conspiracy to distribute methamphetamine.  He testified at his plea hearing, as well as at his sentencing hearing, that his role in the conspiracy was limited to his agreement with Gustavo to store drugs in a locker at his apartment building in exchange for help with obtaining a driver's license and $200 for rent.

The district court's determination that a defendant was not a minimal or a minor participant in a criminal activity may be reversed only if clearly erroneous. United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001) (citing United States v. Correa, 167 F.3d 414, 416 (8th Cir. 1999)). The defendant, moreover, bears the burden of proving "that he warrants the reduction." Id.

After reviewing the evidence and the witnesses' testimony, the district court determined that Gutierrez' testimony was unreliable and contradicted that of other witnesses, as well as that in his plea agreement. Accordingly, the district court determined that Gutierrez was an average participant, as compared with co-defendant Villa-Maldonado, and therefore was ineligible for a minimal-participant reduction. Having reviewed the record, we conclude that the district court's determination was not clearly erroneous.

B.

Gutierrez asserts that the district court erred by not decreasing his offense level pursuant to U.S.S.G § 2D1.1(b)(6), under which the district court may reduce the offense level for those defendants who qualify for the safety valve exception established by U.S.S.G § 5C1.2. United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998). "To qualify for the safety valve exception, a defendant carries the burden of demonstrating that 'he has truthfully provided to the Government all information regarding the relevant crime before sentencing.'" Santana, 150 F.3d at 864 (citing United States v. Velasquez, 141 F.3d 1280, 1283 (8th Cir. 1998); U.S.S.G § 5C1.2(5)).

Gutierrez provided information to the Government and testified before he was sentenced. As indicated above, the district court determined that Gutierrez's testimony was unreliable and contradicted that of other witnesses, as well as that in his plea agreement. A "district court's findings regarding the credibility of witnesses

'are virtually unreviewable on appeal.'" <u>Santana</u>, 150 F.3d at 864 (citation omitted); <u>United States v. Heath</u>, 58 F.3d 1271, 1275 (8th Cir. 1995).  Furthermore, a "district court's decision to credit a witness's testimony over that of another can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it."  <u>Heath</u>, 58 F.3d at 1275 (citing <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 575-76 (1985)).  Such evidence was lacking in this case.  Accordingly, we conclude that the record amply supports the district court's determination that Gutierrez was ineligible for the safety valve exception.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.