# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3265

_____

United States of America,            *
                                    *

        Appellee,           *
                                    * Appeal from the United States

      v.                     * District Court for the
                                    * District of Minnesota.

Irene Ann Weiss,           *
                                    *

        Appellant.        *

_____

Submitted:  March 13, 2003

Filed:  May 6, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Irene Ann Weiss, an enrolled member of the Red Lake Band of Chippewa Indians, was convicted by a jury of three counts of burglary in the first degree and one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 2, 1151, 1553(a), (b), and Minn. Stat. § 609.582.1(a), (b), (c). The district court[1] sentenced Weiss to thirty-seven months in prison and three years of supervised release under special conditions. On appeal, Weiss contends that the district court erred by denying

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

her requests for a two- or four-level offense level reduction for being a minor or minimal participant. Weiss also contends that the district court erred by including as a special condition of supervised release a provision that she not open new lines of credit or incur debt without her probation officer's prior approval. We affirm.

I.

Weiss, her nephew Darnell Dee Whitefeather (Darnell), her sister Diane Whitefeather, and a friend drove to Darrell Geshick's home in the Ponemah District of the Red Lake Indian Reservation on the evening of March 22, 2001. Geshick was at home that evening with his son, Darrell Emery Loud, and his grandson. Darnell, armed with a long metal pipe, forcibly entered Geshick's home by kicking in the front door. Weiss followed Darnell into the residence, armed with an aluminum baseball bat.

Once inside the residence, Darnell struck Loud on the head twice with the metal pipe, rendering him unconscious. Geshick, seeing Loud unconscious, approached Darnell and struck him with a chair. Darnell then struck Geshick with the metal pipe. Loud regained consciousness during the fracas and saw Weiss strike Geshick in the ankle with the bat. As Weiss began to leave the house, Loud chased her outside and threw part of a chair at her as she attempted to climb into the passenger side of the car.

Loud reentered the residence and struck Darnell with the bat. Loud and Geshick then restrained Darnell until police officers and an ambulance arrived.

II.

A.

Weiss contends that the district court erred by declining to grant her either a two- or four-level offense level reduction for being a minor or minimal participant in the crime. U.S.S.G. § 3B1.2. A district court's determination that defendant was not a minor or a minimal participant in a criminal activity pursuant to U.S.S.G. § 3B1.2 may be reversed only if clearly erroneous. United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001) (citing United States v. Correa, 167 F.3d 414, 416 (8th Cir. 1999)). The defendant, moreover, bears the burden of proving "that [s]he warrants the reduction." Id.

A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n. 5. A participant's role will be described as minimal when he or she was "plainly among the least culpable of those involved" in the criminal activity. U.S.S.G. § 3B1.2, cmt. n. 4. "Whether a downward adjustment is warranted is determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense." United States v. Padilla-Pena, 129 F.3d 457, 471 (8th Cir. 1997) (citation omitted).

The record supports the district court's finding that Weiss was an average participant in the crime and was thus not entitled to a reduction in her offense level. Weiss illegally entered Geshick's home, wielding an aluminum baseball bat, and assaulted Geshick. Weiss was no less culpable of the crimes of which she was convicted than was Darnell Whitefeather of his. Accordingly, the district court did not clearly err by declining to grant her an offense level reduction.

B.

Weiss challenges the special condition imposed by the district court on her term of supervised release, which requires that she obtain the probation officer's prior approval before opening new lines of credit or incurring debt. Weiss contends that the special condition is not reasonably related to the offense of which she was convicted and involves a greater deprivation of her liberty than is reasonably necessary.

We review a district court's decision to impose special conditions on a defendant's term of supervised release for abuse of discretion. United States v. Ervasti, 201 F.3d 1029, 1047 (8th Cir. 2000). Although a "district court has wide discretion in imposing the terms and conditions of supervised release[,] . . . this discretion is limited by statute." United States v. Scott, 270 F.3d 632, 635 (8th Cir. 2001) (citation omitted). Conditions imposed on a term of supervised release "must be reasonably related to 'the nature and circumstances of the offense and the history and characteristics of the defendant,'" id. (quoting 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D); U.S.S.G. § 5D1.3(b)), and "cannot involve a 'greater deprivation of liberty than is reasonably necessary' to effectuate the goals of Congress and the Sentencing Commission," id. (quoting United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992)).

The Sentencing Guidelines recommend that the district court impose a "condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer," in cases in which the court has ordered a defendant to pay restitution or a fine pursuant to an installment schedule and the defendant is not compliant with the payment schedule. U.S.S.G. § 5D1.3(d)(2) (Policy Statement: Debt Obligations). The district court, however, "is not obligated to adopt this formulation verbatim and is entitled to tailor a condition to the needs of a particular case, consistent with § 5D1.3(b) ("court may

-4-

impose other conditions of supervised release . . . .").” <u>Ervasti</u>, 201 F.3d at 1046. Accordingly, we have held that a district court did not abuse its discretion in imposing conditions of supervised release prohibiting a defendant from incurring additional debt without permission, even when there was no showing that defendant would not comply with the payment schedule, where the defendant's restitution obligation was substantial. <u>Id.</u> at 1046-47.

The district court ordered Weiss to pay $3,740 to Geshick as restitution for lost wages and property damage resulting from the burglary and assault. Because Weiss has a documented history of unemployment and has no assets, it was "not unreasonable for the district court to insist that [Weiss] refrain from taking on additional debt without permission." <u>Id.</u> at 1047. Accordingly, we conclude that the district court did not abuse its discretion by imposing this special condition on the term of supervised release.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.