# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4065

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Earl Smith, | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: June 25, 2003
Filed: July 9, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Earl Smith (Smith) pled guilty to possessing with intent to distribute over 50 grams of a mixture containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). The district court[1] applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, and sentenced Smith to 120 months imprisonment and 5 years supervised release. On appeal, Smith argues that the district court clearly erred in applying the enhancement because the government did not show that he possessed the firearm or that it was connected with

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

the offense. Smith's live-in girlfriend testified at the sentencing hearing she owned the gun for protection, she had not seen Smith with the weapon, and she did not know Smith was dealing drugs. We affirm.

The district court did not clearly err in applying the enhancement. Smith had constructive possession over the loaded firearm, as it was found in the apartment where he resided with his girlfriend. Further, the gun was found in the same room as a large amount of cash, drug paraphernalia was found in the kitchen, and, at the time of the search, Smith was attempting to flush drugs down the toilet. See United States v. Braggs, 317 F.3d 901, 904 (8th Cir. 2003) (standard of review); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (upholding enhancement where loaded firearms and drugs were found in different places on defendant's property); United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996) ("either actual or constructive possession is sufficient, i.e., the individual must have exercised ownership, dominion, or control either over the firearm or the premises on which it is found") (internal quotation and citation omitted). The district court discredited Smith's girlfriend's testimony regarding the weapon, which is virtually unreviewable on appeal. See United States v. Gutierrez-Manzanarez, 323 F.3d 613, 615 (8th Cir. 2003).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.