# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2148

_____

United States of America,

    Appellee,

v.

Jorge Luis Rumbo-Rosendiz,

    Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota
\*
\*
\*

_____

Submitted: December 11, 2002

Filed: August 20, 2003 (corrected 8/22/03)

_____

Before McMILLIAN, JOHN R. GIBSON and BYE, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Jorge Luis Rumbo-Rosendiz appeals from a final judgment entered in the District Court[1] for the District of Minnesota, following his plea of guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). The district court sentenced him to 121 months imprisonment, 4 years

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

supervised release, and a special assessment of $100.00. For reversal, appellant argues that the district court erred in finding that he was an average participant and therefore not entitled to a mitigating role reduction in his offense level as either a minimal or minor participant pursuant to U.S.S.G. § 3B1.2. For the reasons discussed below, we affirm the sentence of the district court.

The district court had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this sentencing appeal filed by the defendant pursuant to 18 U.S.C. § 3742(a). Appellant filed a timely notice of appeal pursuant to Fed. R. App. P. 4(b).

On June 12, 2001, narcotics investigators were watching an apartment building in St. Paul, Minnesota. They had information from a confidential informant that a large quantity of methamphetamine was stored in the apartment building and that two Hispanic males would arrive in a Honda to pick it up. The investigators saw two Hispanic males arrive in a Honda and park behind the apartment building. Alfredo Valles Manzanares was the driver; appellant was the passenger. Both men entered the apartment building. A short time later, appellant left the apartment building and walked down an alley. He was seen carrying a brown cardboard box. He was also observed picking a plastic bag off the ground. He carried the cardboard box and the plastic bag to a white Volkswagen parked near the Honda. He opened the trunk of the Volkswagen and placed the cardboard box inside. He placed the plastic bag over his hand and transferred several items to that cardboard box from another larger, cardboard box in the trunk of the Volkswagen. He then removed the first cardboard box and placed it in the trunk of the Honda. He put the plastic bag in the back seat of the Honda. He closed both trunks and re-entered the apartment building.

A short time later, appellant and Manzanares left the apartment building and got into the Honda. Manzanares drove away; appellant was the passenger. The investigators stopped the Honda, and appellant and Manzanares consented to a search

-2-

of the vehicle. Inside the trunk the investigators found seven packages wrapped in duct tape. The packages contained 3,095 grams of methamphetamine. The investigators obtained a search warrant for the Volkswagen and found inside the trunk of that vehicle seven additional packages containing a total of 3,022 grams of methamphetamine. In addition, the investigators seized $2,567 in cash from appellant and $152 from Manzanares.

In July 2001 a federal grand jury charged appellant and Manzanares with conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine and two counts of possession with intent to distribute methamphetamine. While the case was pending, INS officials mistakenly deported Manzanares to Mexico.

In January 2002 appellant entered a plea of guilty, pursuant to a written plea agreement, to the conspiracy count. The plea agreement provided that the applicability of a reduction based on appellant's role in the offense would be determined by the district court. According to the presentence report (PSR), appellant's base offense level was 36; 2 levels were deducted under the safety valve provision, 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2, and 2 levels were deducted for acceptance of responsibility, U.S.S.G. § 3E1.1, for a total offense level of 32. The PSR found that appellant was an average participant and therefore not entitled to a reduction for his role in the offense. Under criminal history category I, the applicable sentencing guideline range was 121-151 months. Appellant objected to the average role in the offense finding. With a four-level reduction as a minimal participant, appellant's total offense level would have been 28, and, at criminal history category I, the applicable guideline sentencing range would have been 78-97 months. With a two-level reduction as a minor participant, appellant's total offense level would have been 30, and, at criminal history category I, the applicable guideline sentencing range would have been 97-121 months.

Following a sentencing hearing, the district court found that, under the totality of the circumstances, appellant was an average participant and therefore should not receive a mitigating role reduction. The district court acknowledged that Manzanares's absence made the issue of their respective roles in the conspiracy more difficult to resolve, but noted that, unlike Manzanares, appellant had been found with a substantial amount of cash on his person and that this fact suggested that each defendant should be considered an average participant in the offense and not a minimal or minor participant. The district court sentenced appellant to 121 months imprisonment, 4 years supervised release and a special assessment of $100. This appeal followed.

For reversal, appellant argues that the district court erred in denying his request for a mitigating role reduction pursuant to U.S.S.G. § 3B1.2. He argues that he was a minimal participant because he was among the least culpable of those involved in the conspiracy and because he did not know or understand the scope and structure of the conspiracy or the activities of others involved in the conspiracy. He argues that his role in the conspiracy was limited to accompanying Manzanares to the pick up location and to transferring the methamphetamine from one vehicle to the other.

We review the district court's determination of the defendant's mitigating role in the offense under the clearly erroneous standard of review. E.g., United States v. Gutierrez-Manzanarez, 323 F.3d 613, 615 (8th Cir. 2003); Ponce v. United States, 311 F.3d 911, 913 (8th Cir. 2002); United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001). The defendant has the burden to prove that the reduction is warranted. Lopez-Arce, 267 F.3d at 784. U.S.S.G. § 3B1.2 provides that a defendant's offense level should be reduced by four levels if the defendant was a "minimal participant," by two levels if a "minor participant," and by three levels for those in between.

The determination whether to apply [the minimal participant] or [the minor participant], or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case. As with any other factual issue, the [sentencing] court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted.

Id. cmt. n.3(C). A minimal participant is one who

plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

Id. cmt. n.4.

For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

Id. cmt. n.3(A). A minor participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." Id. cmt. n.5.

We hold that the district court's finding that appellant was an average participant and therefore not entitled to a mitigating role reduction as either a minimal or minor participant was not clearly erroneous. The facts suggested that appellant's role in the conspiracy was neither "plainly among the least culpable" (as a minimal participant) nor "substantially less culpable than the average participant" (as a minor

-5-

participant). Appellant was found in possession of much more cash than Manzanares, a fact which suggested that he was not substantially less culpable than Manzanares. Appellant was observed taking precautions to conceal his identity when he transferred several kilograms of methamphetamine from one vehicle to another, facts which suggested that he knew or understood both the illegal nature and the scope of the conspiracy.

Accordingly, we affirm the sentence of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.