# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1584

_____

United States of America,                    *
                                             *
              Plaintiff – Appellee,          *
                                             *       Appeal from the United States
       v.                                    *       District Court for the
                                             *       Western District of Arkansas.
James Adair,                                 *
                                             *        [UNPUBLISHED]
              Defendant – Appellant.         *

_____

Submitted: March 12, 2007
Filed: March 20, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

James Edward Adair pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to 18 months imprisonment. Adair appeals the denial of a minimal-participant reduction. Having authority under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

I.

Adair was arrested in California after 162 pounds of marijuana were found in his truck. The district court determined he has a criminal history category of I and a total offense level of 16 (after allowing reductions of two levels for minor participation, three levels for acceptance of responsibility, and three levels for substantial assistance). The resulting Guideline range was 21 to 27 months. The district court sentenced him to 18 months. Adair argues the district court should have granted a four-level reduction for minimal participation, rather than the two levels for minor participation.

Adair contends he was a minimal participant because he was a "mule," among the least culpable defendants, and did not understand the scope of the conspiracy or know the activities of other conspirators. He asserts that 162 pounds is only one percent of the marijuana attributed to the conspiracy and that his role was limited to picking it up in California and attempting to deliver it to Arkansas.

The Guidelines permit a four-level reduction for a minimal participant, and a two-level reduction for a minor participant. USSG § 3B1.2(a) and (b). A minimal participant is "plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, cmt. 4. A "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* This downward adjustment "will be used infrequently." *Id.* A minor participant is "less culpable than most other participants, but whose role would not be described as minimal." USSG § 3B1.2, cmt. 5.

A district court's determination that a defendant is not a minimal participant is reversed only if clearly erroneous. *United States v. Gutierrez-Manzanarez*, 323 F.3d 613, 615 (8th Cir. 2003); *United States v. Rumbo-Rosendiz*, 340 F.3d 598, 600 (8th Cir. 2003). In weighing the totality of the circumstances, this court is not "required

to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted."  USSG § 3B1.2, cmt. 3.

Adair bears the burden of proving he is entitled to the reduction.  *United States v. Denton*, 434 F.3d 1104, 1114 (8th Cir. 2006); *United States v. Hagan*, 412 F.3d 887, 893 (8th Cir. 2005).  A role as a courier or "mule" does not ensure a downward adjustment, because transportation is a "necessary part of illegal drug distribution." *See United States v. Martinez*, 168 F.3d 1043, 1048 (8th Cir. 1999).

Although the drugs found in Adair's truck were only a small percent of the drugs involved in the overall conspiracy, his sentence was based on the quantity of drugs in his vehicle, not the quantity attributed to the conspiracy.  *See United States v. Alverez*, 235 F.3d 1086, 1090 (8th Cir. 2000).  Adair was not "plainly among the least culpable" members of the conspiracy.  He was found with a firearm and 162 pounds of marijuana.  He drove from Arkansas to California to pick up the drugs and was observed loading them into his truck.  The district court was not clearly erroneous in denying Adair a minimal-participant reduction.

II.

The judgment of the district court is affirmed.

_____