# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2766
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 27, 2023
Filed: October 4, 2023
[Unpublished]

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jeffrey Thomas appeals after the district court[1] revoked his supervised release and imposed a sentence which included a new term of supervised release with certain

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

financial special conditions of supervision. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Thomas argues that the district court plainly erred in imposing four special conditions because they either involve a greater deprivation of liberty than is reasonably necessary, or are contrary to established Sentencing Commission policy statements. *See* 18 U.S.C. § 3583(d); *United States v. Wiedower*, 634 F.3d 490, 496 (8th Cir. 2011) (standard of review).

This court finds no basis for reversal. Thomas is procedurally barred from challenging the special conditions concerning financial gains, taxes, and financial disclosures (Special Conditions 1, 3, and 4 in the revocation judgment) because they were originally imposed by court order in 2021. Thomas may not challenge the validity of a previously imposed supervised-release condition for the first time in a revocation proceeding, at least without any change in relevant circumstances. *See United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019) (rejecting challenges to the reimposition of previously imposed supervised-release conditions); *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009) (proper method of challenging validity of supervised-release conditions should be challenged through direct appeal or habeas corpus proceeding). Even assuming Thomas is not similarly barred from challenging the debt-obligation special condition (Special Condition 6), his argument is foreclosed by circuit precedent. *See United States v. Ervasti*, 201 F.3d 1029, 1047 (8th Cir. 2000) (condition requiring defendant to refrain from taking on additional debt without permission was not unreasonable given large restitution obligation; court's authority to tailor condition is consistent with U.S.S.G. § 5D1.3(b)); *see also United States v. Weiss*, 328 F.3d 414, 418 (8th Cir. 2003).

The judgment is affirmed.

_____