UNITED STATES of America, Appellee,

v.

Gayle THOMAS, Appellant.

No. 90–5431.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided Sept. 30, 1991.

H. Anker, Rapid City, S.D., argued, for appellant.

Steven D. Rich, Rapid City, S.D., argued (Philip N. Hogen, on the brief), for appellee.

Before JOHN R. GIBSON, BOWMAN and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

A jury convicted defendant Gayle Thomas of three counts of assault and one count of using a firearm in the commission of a felony. The District Court[1] denied Thomas's motion for a new trial and sentenced him to serve eighty-one months' imprisonment followed by two years of supervised release. Seeking reversal of his convictions, Thomas appeals. For the reasons discussed below, we affirm.

## I.

The crimes charged occurred in the early morning hours of February 4, 1990. The evidence shows defendant had spent the previous day and evening drinking beer in various locations with his brother Ivan, his sisters Sarah and Theresa, his brother-in-law Ellis, and defendant's friends. At some point during the evening defendant's wife Mary (who had not been drinking with the group) encountered defendant's sisters. Both women later testified they had told Mary she should return home to care for her children because police had called there and had found the children alone. Mary testified Theresa threatened to beat her. Theresa denied this.

At any event, when Mary returned home she told defendant and Ivan that Theresa and Sarah had tried to start a fight with her. Mary and defendant went inside their trailer home, leaving Ivan outside in his pickup truck. Minutes later Sarah, Theresa and Ellis arrived. After Ivan told them about Mary's accusation the three went inside the home, where the situation exploded into a brawl. Upon hearing defendant's children screaming from inside the trailer Ivan left his truck, rushed inside and was drawn into the fight. Shortly after Ivan arrived defendant, a lieutenant with the Oglala Sioux Tribal Police, ran outside to get his service revolver from his vehicle. Ivan warned the others that they should leave the trailer because defendant would return armed.

As the four were leaving defendant fired his revolver, hitting Ivan in the back of his thigh and striking Ellis in the back of his calf. Defendant testified that because he had blacked out several times, he could not recall how he got outside or retrieved his firearm. He did remember holding the gun in a police-type stance and seeing Ivan come toward him, but testified he could not recall having fired. Defendant told the court he regained consciousness to find himself on the ground with a police officer sitting on top of him.

At the conclusion of evidence, defendant unsuccessfully moved for acquittal on the ground that the evidence was insufficient to convict him. The court then charged the jury, reading among others an instruction

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

on self defense.[2] Within two hours after deliberations began, the jury sent a note to the court requesting a definition of "reason to believe" with respect to the self-defense instruction. In its written response the court stated in part that "[i]n determining 'reasonable belief,' the jury should focus on the facts and circumstances existing at the time the force was used. Force used after the danger has ceased to exist cannot be justified on the basis of 'reasonable belief.'" Appellant's Brief at 12–13 (emphasis omitted). Defendant objected to this supplemental instruction, claiming the court should have combined it with a "heat of passion" instruction and that the final sentence of the court's language went beyond the jury's inquiry.

The court overruled these objections. The supplemental instruction was read to the jury at the beginning of deliberations on the following day. After roughly four more hours of deliberation the jury sent another note to the court stating that its members were at an impasse and asking whether they should continue to deliberate. Over defendant's objection, the court gave an *Allen* charge by reading Supplemental Instruction 10.02 from the Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (rev. ed. 1989) (hereinafter "Manual"). The jury deliberated about an hour and a half longer and returned its verdicts.

Six days later, defendant moved for a new trial. He claimed a juror had discussed the self-defense issue with an attorney friend during the trial and had disclosed the attorney's remarks to the other jurors during deliberations, thus denying him a fair trial. Following a hearing during which each juror was examined, the court concluded the juror had not acted improperly and that the information she relayed to the other jurors had not prejudiced defendant. The motion for a new trial therefore was denied. Defendant was sentenced in due course, and this appeal followed.

## II.

Defendant contends the District Court erred in denying his motion for a new trial. Juror Ossenfort told the jury she had spoken with attorney friends on occasion and had been told that a self-defense theory was used only when no other defense was available. Defendant submitted to the District Court the affidavits of two other jurors who took this remark to mean that Ossenfort had consulted an attorney about the case during deliberations. Defendant argues that Ossenfort's remark introduced extraneous prejudicial information, thereby invalidating the verdicts.

"[L]ong-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry." *Tanner v. United States*, 483 U.S. 107, 127, 107 S.Ct. 2739, 2751, 97 L.Ed.2d 90 (1987). Accordingly, Federal Rule of Evidence 606(b) limits post-verdict inquiry of jury conduct to a determination of "whether extraneous prejudicial information was improperly brought to bear upon any juror." Fed.R.Evid. 606(b). The sort of extraneous influence which could call a verdict into question includes "communications between third parties and jurors where relevant to the case to be decided." *Government of Virgin Islands v. Gereau*, 523 F.2d 140, 150 (3d Cir.1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed.2d 323 (1976); *see also United States v. Heller*, 785 F.2d 1524, 1528 (11th Cir. 1986) (holding conversation during trial between juror and accountant about material fact repeated to other jurors was "highly improper" and warranted reversal). In this case the District Court conducted an evidentiary hearing, polled each of the jurors, and found Ossenfort "did not have any contact with any attorney during the progress of the case or deliberations, and did not speak with anyone in a manner inappropriate or inconsistent with proper jury service." *United States v. Thomas*,

---

**2.** The instruction states in part that "using force likely to cause death or great bodily harm is justified only if the person reasonably believes that such force is necessary to protect himself from what he reasonably believes to be a substantial risk of death or great bodily harm." Instruction No. 17, *reprinted in* Appellant's Reply Brief at 4.

No. CR90–50026–01, mem. op. at 2 (W.D.S.D., July 30, 1990). After reviewing the record, we conclude the court's finding of fact is not clearly erroneous.

■ Defendant points out that two jurors *believed* that during deliberations an attorney had spoken with Ossenfort about the self-defense theory; he argues the presence of this belief injected "extraneous influence ... into the jury room." Appellant's Brief at 8. The District Court disagreed: "Just because a juror believes there is outside influence does not mean there has been such influence, and the belief goes more to a juror's own mental process, which is not impeachable." *Thomas,* at 3. Although we are inclined to agree that such impressions and beliefs are not among the intrusive hazards subject to judicial scrutiny under Rule 606(b),[3] it is not necessary for us to address this issue. The District Court found that these beliefs did not substantially prejudice the defendant. The court noted that neither of the jurors whose affidavits supported defendant's motion indicated that an opinion attributed to an attorney would have had more influence on their view of the case than the same opinion attributed to another juror. Our review of the record convinces us that the District Court's finding of lack of substantial prejudice is not clearly erroneous and that the motion for a new trial was correctly denied.

### III.

Defendant's second claimed error is the court's use of an *Allen* charge. After approximately seven hours of deliberations the jury notified the court it had reached an impasse and asked whether it should continue its discussion. Over defendant's objections, the court gave the jury Supplemental Instruction 10.02 from the Manual.[4] Defendant argues this instruction coerced the jury into returning a guilty verdict.

■ As we recently observed in *United States v. Cortez,* 935 F.2d 135 (8th Cir. 1991), four elements bear on whether an *Allen* charge had an impermissibly coercive effect on the jury: 1) the content of the instruction, 2) the length of deliberation after the *Allen* charge, 3) the total length of deliberation, and 4) " 'any indicia in the record of coercion or pressure upon the jury.' " *Id.* at 141–42 (quoting *United States v. Smith,* 635 F.2d 716, 721 (8th Cir.1980)). Although defendant does not argue that the charge's content was objectionable, we take this opportunity to expressly approve the language of Model Instruction 10.02. As noted by the committee which prepared the instruction, its language "covers the essential points of the traditional 'Allen' charge, taken from the instruction approved in *United States v. Smith,* 635 F.2d 716, 722–23 (8th Cir. 1980)." Manual, Instruction 10.02, commentary at 330.

■ The record shows that after receiving the *Allen* charge the jury deliberated between one-and-a-half and two hours before reaching its verdict. In *United States v. Young,* 702 F.2d 133, 136 (8th Cir.1983), this court found that a two-hour post-instruction deliberation period did not indicate a coercive effect. Moreover, the total deliberation here of approximately nine hours following a two-day trial does not strike us as being "so disproportionate as to raise an inference that the *Allen* charge coerced the jury." *Smith,* 635 F.2d at 722. Finally, there is no competent evidence of coercion or pressure in the record. Although testimony given at the hearing on the motion for new trial might indicate that some of the jurors felt pressure to reach a verdict, Federal Rule of Evidence 606(b) prohibits the consideration of these statements. We therefore conclude the District Court did not err when it gave the *Allen* charge to the jury.

---

**3.** The rule forbids testimony regarding "the effect of anything upon [a juror's] ... mind or emotions as influencing him to assent to or dissent from the verdict ... or concerning his mental processes in connection therewith." Fed.R.Evid. 606(b).

**4.** The full text of the District Court's instruction is set forth in Appendix A at the end of this opinion.

## IV.

■ Defendant also challenges the District Court's supplemental instruction defining "reason to believe" with regard to self defense. He first argues the court's response exceeded the jury's inquiry by reason of this final sentence: "Force used after the danger has ceased to exist cannot be justified on the basis of 'reasonable belief.'" Appellant's Brief at 12–13 (quoting court's response). "A district court has wide discretion in formulating appropriate jury instructions." *United States v. Walker*, 817 F.2d 461, 463 (8th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987). The language used by the court was an adequate and correct statement of the law pertaining to the jury's request; the District Court did not abuse its discretion.

■ Defendant further argues the court abused its discretion by not modifying the instruction to discuss a "heat of passion" defense. Although a defendant may raise claims—such as self defense and "heat of passion"—which are inconsistent, *Mathews v. United States*, 485 U.S. 58, 64, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988), the record and oral argument demonstrate that Thomas first requested a "heat of passion" instruction in the context of the jury's request for reinstruction on self defense. "When the jury makes specific requests for reinstruction on certain issues, the district court is justified in limiting its reinstruction to the issues requested." *United States v. Piatt*, 679 F.2d 1228, 1231 (8th Cir.1982). The District Court did not abuse its discretion in confining its reinstruction to the jury's inquiry concerning self defense.

## V.

■ Defendant's last claim is that the evidence is insufficient to sustain his conviction. In our review of this issue, we must "examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences, and can reverse only if ... a reasonable fact-finder could not have found guilt beyond a reasonable doubt." *United States v. Matra*, 841 F.2d 837, 840 (8th Cir.1988).

The evidence shows defendant and his wife were attacked in their home. The question for the jury, however, was whether defendant was justified in responding with deadly force. The record contains evidence from which the jury reasonably could infer that, at the time of the shootings, the danger required by the defense had vanished. Viewed in the light most favorable to the government, there is sufficient evidence to support the jury's verdicts.

The convictions are affirmed.

## APPENDIX A

As stated in my instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with disposition to re-examine your own views.

Remember that if the evidence fails to establish guilt beyond a reasonable doubt, the defendant should have your unanimous verdict of not guilty. As I instructed you earlier, the burden is upon the government to prove beyond a reasonable doubt every essential element of the crimes charged.

Finally, remember that you are not partisans; you are judges—judges of the facts. Your sole interest is to seek the truth from evidence. You are the exclusive judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you now carefully reconsider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

There is no reason to think that another trial would be tried in a better way or that a more conscientious, impartial or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you should fail to agree on a verdict, the case is left open and must be disposed of at some later time.

Please go back now to finish your deliberations in a manner consistent with your good judgment as reasonable persons.