# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2824

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Daniela Glauning, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 16, 2000

Filed:  May 3, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MURPHY, Circuit Judges.

_____

BEAM, Circuit Judge.

Daniela Glauning appeals her conviction for possession with intent to distribute crack cocaine.  See 21 U.S.C. § 841(a)(1).  A brief summary of her contentions and our reasons for rejecting them will suffice.

1.      At the close of the first full day of jury deliberations in Glauning's trial, the jury sent a note to the district court[1] asking, "What happens if we are unable to make

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

a unanimous decision?"  The district court advised the jury to take a break and resume discussion the next day.  The jury then continued to deliberate.  At about noon on the third full day of deliberation, the jury sent another note stating, "We have deliberated this case and have examined all evidence and we are unable to reach agreement.  What can be done?  How much longer should we deliberate?"  The district court then delivered an Allen[2] charge to the jury.  Roughly two hours later, the jury returned a guilty verdict.

Glauning contends the Allen charge was unconstitutionally coercive.  We determine whether an Allen charge is unconstitutionally coercive by focusing on the language of the instruction, the length of deliberation after the charge, the total length of deliberation, and any other evidence of coercion or pressure on the jury.  See United States v. Johnson, 114 F.3d 808, 814-15 (8th Cir. 1997).  The language of the instruction given to Glauning's jury was clearly proper—the district court gave an almost verbatim rendition of an instruction we approved in United States v. Smith, 635 F.2d 716, 722-23 (8th Cir. 1980).  The jury's two hours of deliberation after the charge similarly raises no inference of coercion.  See United States v. Warfield, 97 F.3d 1014, 1022 (8th Cir. 1996) (one hour of post-Allen charge deliberation raises no inference of coercion).  We acknowledge that the sixteen to eighteen hours of total deliberation time for a two-day trial is somewhat longer than the amount of time we have previously approved.  See, e.g., United States v. Thomas, 946 F.2d 73, 76 (8th Cir. 1991) (nine hours of total deliberation for two-day trial raises no inference of coercion).  Nonetheless, the total deliberation time is not dispositive in analyzing the effect of an Allen charge.  See United States v. Robinson, 953 F.2d 433, 437 (8th Cir. 1992).  In addition, the record contains no other evidence of coercion.  Thus, we find no error in the use of the Allen charge.

---

[2]Allen v. United States, 164 U.S. 492 (1896).  An Allen-charge is a supplemental jury instruction that advises deadlocked jurors to reconsider their positions.  See United States v. Robinson, 953 F.2d 433, 436 n.1 (8th Cir. 1992).

2.    Glauning waived her <u>Miranda</u>[3] rights and made a statement to the police. She claims her statement was not voluntary because she was interviewed in a bathroom by two large policemen who threatened Glauning with separation from her child if she did not cooperate.  Glauning's statement would not be voluntary if the totality of circumstances demonstrates her will was overborne.  <u>See</u> <u>United States v. Kilgore</u>, 58 F.3d 350, 353 (8th Cir. 1995).  We review the district court's factual findings for clear error while applying de novo review to the question of Glauning's voluntariness.  <u>See</u> <u>id.</u>  We find the district court[4] did not clearly err in crediting a police officer's denial that Glauning was threatened with separation from her child.  We similarly find no clear error in the district court's finding that Glauning was an adult with no "intellectual deficiencies" who was briefly interviewed soon after her arrest, and whose demeanor and experience with the criminal justice system showed she was not weak-willed.  <u>See</u> <u>Tippitt v. Lockhart</u>, 859 F.2d 595, 598 (8th Cir. 1988) (listing factors to consider when analyzing voluntariness).  The statement was voluntary.

3.    Glauning claims the federal government reneged on an agreement not to prosecute her.  We apply de novo review to the interpretation and enforcement of a non-prosecution agreement.  <u>See</u> <u>United States v. Van Thournout</u>, 100 F.3d 590, 594 (8th Cir. 1996) (standard of review for plea agreement); <u>United States v. Johnson</u>, 861 F.2d 510, 512 (8th Cir. 1988) (non-prosecution agreement similar to plea agreement). Glauning contends a county prosecutor and county police officer agreed to not bring federal charges if Glauning submitted to an interview with the county police.  Contrary to Glauning's contention, no agreement is contained in the series of negotiation letters exchanged by Glauning's counsel and the county prosecutor.  Moreover, state and local government officials have no power to bind the federal government.  <u>See</u> <u>Hendrix v.</u>

---

[3]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[4]The district court adopted a Report and Recommendation from The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

<u>Norris</u>, 81 F.3d 805, 807 (8th Cir. 1996).[5]  Finally, even if a binding agreement existed, Glauning breached it when she adamantly refused to answer any questions during an interview with the county police officer.  <u>See</u> <u>United States v. Britt</u>, 917 F.2d 353, 359-61 (8th Cir. 1990) (defendant cannot enforce agreement if he breaches it).  Thus, we reject Glauning's argument about the non-prosecution agreement.

4.      Glauning argues there is insufficient evidence to support her conviction. In our de novo review of this claim, we view the evidence in the light most favorable to the verdict and reverse only if no jury could have found Glauning guilty beyond a reasonable doubt.  <u>See</u> <u>United States v. Jackson</u>, 204 F.3d 812, 814 (8th Cir. 2000). At trial, the government presented evidence that Glauning had five grams of crack on her person and seven grams of crack in her apartment.  The crack was packaged for distribution.  Also, during a search of Glauning and her apartment, the police found no drug paraphernalia, such as a pipe, to indicate the drugs were for Glauning's personal use.  This evidence provided a sufficient basis for the jury to convict Glauning of possession with intent to distribute.

The conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Glauning claims the county police officer was working with the Drug Enforcement Agency.  The record is ambiguous on this point.  However, even if this were so, Glauning has not shown the county police officer had actual authority to bind the federal government to an agreement.  <u>See</u> <u>Margalli-Olvera v. I.N.S.</u>, 43 F.3d 345, 353 (8th Cir. 1994).