**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

REGINALD J. GODLOCK,

      Petitioner-Appellant,

v.

BRENT FATKIN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 03-6003
(D.C. No. CIV-02-514-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

Petitioner Reginald J. Godlock, a state prisoner appearing pro se, appeals

the district court's denial of habeas relief. Although petitioner filed his habeas

petition under 28 U.S.C. § 2254, the district court properly construed the petition

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

(seeking restoration of 365 days' earned credit) as challenging the execution of his sentence under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Our jurisdiction over petitioner's appeal arises under 28 U.S.C. § 1291. We review *de novo* the district court's dismissal of a § 2241 habeas petition, *see Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998), and construe petitioner's pleadings liberally. *George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995). In so doing, we are reminded that "we must refrain from usurping the role of prison administrators while protecting the constitutional rights of the inmates." *Mitchell v. Maynard*, 80 F.3d 1433, 1443 (10th Cir. 1996). Because our review of the record, the briefs, and applicable law persuades us that petitioner is not entitled to habeas relief, even though we reach this conclusion on different grounds than the district court, we affirm. *Chandler v. City of Arvada*, 292 F.3d 1236, 1242 (10th Cir. 2002).

## BACKGROUND

Petitioner is incarcerated in Oklahoma's Lawton Correctional Facility (LCF). On April 17, 2001, a LCF inmate was assaulted and injured. Lieutenant Manuel, a LCF officer, viewed a surveillance videotape of the incident and determined that petitioner was an assailant. Petitioner, however, claims he was in the library at the time of the incident and that LCF's library log corroborates this

contention. Petitioner was charged with the misconduct offense of a Class X Battery.

Before petitioner's disciplinary hearing he asked to view the videotape. Petitioner also requested that a medical report of the victim's injuries be part of the hearing evidence. Neither the videotape nor a medical report was submitted into evidence. On May 8, 2001, the hearing officer found petitioner guilty of a Class X Battery. He was sentenced to thirty days' administrative segregation and lost 365 days of earned credit.

On review, LCF's Designee for the Director (Designee) concluded that petitioner was not afforded procedural due process. LCF's Designee therefore ordered: (1) further investigation to look into the availability of the videotape and documentation of the victim's injuries; and (2) a rehearing. Lieutenant Manuel subsequently provided a written statement that the videotape was not available because it had been "recorded over." R., Doc. 2, Ex. R. Prison officials did not produce a medical report. Petitioner was again found guilty of a Class X Battery at his August 13 rehearing, the warden rejected petitioner's appeal, and LCF's Designee concurred with the finding of guilt.

Thereafter, petitioner sought mandamus relief in state court. The trial court found that the observations of staff and the identification of the petitioner on the videotape met the "some evidence" standard of *Superintendent, Massachusetts*

*Correctional Institute, Walpole v. Hill*, 472 U.S. 445, 454 (1985), held that petitioner received all the process he was due, and denied his application. The Oklahoma Court of Criminal Appeals affirmed. Petitioner then turned to the federal judiciary for relief, reasserting in his habeas petition that prison officials violated his right to due process by failing to submit into evidence the videotape and a medical report. Finding "some evidence," *id.*, to support petitioner's disciplinary conviction, the magistrate judge recommended that the district court deny habeas relief. The district court adopted the magistrate judge's report and recommendation, and the petitioner timely appealed.

## DISCUSSION

This court issued a certificate of appealibility (COA) on the following issues: (I) when a prisoner believes he was denied a meaningful opportunity to contest the charges against him due to a disciplinary board's refusal to allow the prisoner access to relevant materials, can we analyze this procedural due process claim under the rubric of sufficiency of the evidence? *See Hill*, 472 U.S. at 455-57; *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Mitchell*, 80 F.3d at 1445; and (II) does an inmate have a right to expect prison officials to follow the prison's policies and regulations, and the prison director's (or designee for the director's) directives?

-4-

## I.

Oklahoma inmates possess a liberty interest in earned credits, *Wallace v. Cody*, 951 F.2d 1170, 1172 n.1 (10th Cir. 1991), and are entitled to due process protection prior to the loss of those credits. *Wolff*, 418 U.S. at 557. When a prison disciplinary hearing may result in the loss of earned credits, a prisoner must receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and *present documentary evidence in his defense*; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Mitchell*, 80 F.3d at 1445 (emphasis added); *Wolff*, 418 U.S. at 563-67. In addition, "revocation of good time does not comport with the 'minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (citation omitted).

Petitioner does not dispute that he was provided written notice of the battery charge prior to his May hearing and August rehearing. The due process review form completed during petitioner's rehearing indicates that he was allowed to call witnesses and present documentary evidence. As reflected in LCF's Designee's concurrence,

> you [petitioner] provided a sign in/out log verifying that you were in the library [from 2:30 to 3:35 p.m., R., Doc. 2, Ex. E]. However, the

hearing officer did not find this as credible evidence.  He documented that your sign in time does not follow the chronological order of the other sign in times.  This provided reasonable belief that you wrote your "time in" incorrectly.  [And despite your witness's statement that you] "did sign into the law library at 2:30" . . . [i]t is possible that the witness was testifying to the information on the log in sheet and not from his personal observation of seeing you enter the library at 2:30. Further, he documented that he cannot verify that you did not leave the library and return later to sign out.

R., Doc. 2, Ex. U.  Moreover, the evidence relied on and the reasons for LCF's disciplinary action are contained in the record.     [1]

Notwithstanding, petitioner asserts that prison officials violated his "right to present documentary evidence in his defense by not allowing [him] the opportunity to view the videotape prior to the hearing . . . [and] by not allowing [him] the opportunity to have a photocopy of a 'Medical Report' prior to the hearing."

---

[1]     LCF's Designee's concurrence, R., Doc. 2, Ex. U, observes that the hearing officer relied upon Lieutenant Manuel's written statement identifying the petitioner and describing the victim's injuries:  "[A]t 1530hrs. I observed [the victim] walking toward the Medical Department and he had blood covering his face and shirt."   *Id.*, Ex. S.

> The Offense Report documents that [the victim] had a "severe laceration to his face.". . .  Although a medical report would have provided additional evidence, it is not mandatory.  The hearing officer relied upon the statement from Lieutenant Manuel that verified you were observed, on video tape, battering [the victim]. The statement is sufficient evidence since it has been documented that the video is no longer available for the hearing officer and inmate to view.

*Id.*, Ex. U.

Aplt. Br. at 16. Thus, petitioner is not claiming that his right to procedural due process was violated because there was insufficient evidence. *See Hill*, 472 U.S. at 454. Instead he claims that prison disciplinary officers denied him procedural due process, *Wolff*, 418 U.S. at 566 (the right to "present documentary evidence in his defense"), by not allowing him access to evidence. The Supreme Court has said that when the basis for attacking a disciplinary judgment is a procedural defect, not sufficiency of the evidence, it is irrelevant that

> the record contains ample evidence to support the [disciplinary] judgment . . . . [O]ur discussion in *Hill* in no way abrogated the due process requirements enunciated in *Wolff*, but simply held that in addition to those requirements, revocation of good-time credits does not comport with the minimum requirements of procedural due process unless the findings are supported by some evidence in the record.

*Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (citation omitted). Likewise, this court has observed that "where a prisoner believes he was denied a meaningful opportunity to contest the charges against him due to a disciplinary board's refusal to . . . allow the prisoner access to relevant materials, the challenge is one of procedural due process rather than sufficiency of the evidence." *Griffin v. Brooks*, 13 Fed. Appx. 861, 864 (10th Cir. July 12, 2001) (unpublished) (quoting *Viens v. Daniels,* 871 F.2d 1328, 1336 n.2 (7th Cir. 1989)). [2] Under *Edwards*, it is

---

[2] Because it is an unpublished decision, our citation to *Griffin* is for its persuasive value only, in accordance with 10th Cir. R. 36.3(B).

immaterial to our inquiry whether there was some evidence to support petitioner's disciplinary judgment. *See* 520 U.S. at 648. Rather, our task is to determine whether petitioner was afforded the due process requirements enunciated in *Wolff*. 418 U.S. at 563-67.

### A. Videotape

"'Whenever potentially exculpatory evidence is permanently lost, courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed.'" *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988) (quoting *California v. Trombetta*, 467 U.S. 479, 486 (1984)). While the reuse of the videotape in this case is regrettable, absent bad faith, its destruction does not constitute a due process violation. [3] "[U]nless a criminal defendant can show bad faith . . . failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58.

It follows, then, that because petitioner would not have been constitutionally entitled to the preservation of the videotape had he been charged with a criminal offense, petitioner was not constitutionally entitled to the preservation of the videotape when charged with a prison misconduct offense. *See Griffin v. Spratt*, 969 F.2d 16, 18 (3d Cir. 1992) (applying *Youngblood* to a prison disciplinary

---

[3] The record before us does not demonstrate any allegation or indication of bad faith on the part of LCF officials.

-8-

proceeding and holding that "corrections officers did not violate due process because there was no evidence that they discarded the [allegedly exculpatory evidence] in bad faith"). Accordingly, LCF's officials' failure to preserve the videotape of the battery did not violate petitioner's right to procedural due process.

**B.  Medical Report**

Whereas *Youngblood* governs the government's failure to preserve potentially exculpatory evidence, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), governs exculpatory material that is still in the government's possession. In a criminal trial, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* "Because a *Brady* claim is in fact a due process claim, it is clear that we are empowered, under the appropriate circumstances, to grant federal habeas corpus relief 'on the ground that [the petitioner] is in custody in violation of the Constitution . . . of the United States.'" *Smith v. Sec'y of N.M. Dep't of Corrs.*, 50 F.3d 801, 822-23 n.31 (10th Cir. 1995) (quoting 28 U.S.C. § 2254(a)). Although this Circuit has not held that *Brady* is applicable to prison disciplinary

hearings,[4] we need not decide that issue today to affirm the district court's denial of habeas corpus relief.

Under *Brady*, a criminal defendant bears the burden of showing "1) that the prosecution suppressed evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material." *United States v. Pearl*, 324 F.3d 1210, 1215 (10th Cir.), *cert. denied*, 123 S. Ct. 2591 (2003). Respondent's brief on appeal suggests that a medical report exists and that it is in LCF's possession. *See* Aplees. Br. at 4-5 ("Petitioner . . . was denied [the] . . . medical report of the victim."). It therefore seems fair to infer that LCF suppressed the report.

Turning to the second and third prongs of *Brady*, evidence is favorable if it "would tend to exculpate [the accused] or reduce the penalty." 373 U.S. at 88. Materiality "is met only if there is a 'reasonable probability' that the outcome of the trial would have been different had the evidence been disclosed to the defense." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Although petitioner offers various theories to support his position, his conclusory allegations and

---

[4] *Compare Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (holding that "the rule of *Brady*, . . . requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings").

speculation about what the medical report might contain fail to meet the *Brady* standard. [5]

Indeed, having closely considered the record and briefs, we are not obligated to remand for an *in camera* review of the medical report to determine whether it contains *Brady* material. *See United States v. Walrath*, 324 F.3d 966, 969-70 (8th Cir. 2003) ("Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection." (quotation omitted)); *accord United States v. Mitchell*, 178 F.3d 904, 908 (7th Cir. 1999). *See also Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987) (defendant "'must at least make some plausible showing of how [the evidence] would have been both material and favorable to his defense'" (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982))); *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001) ("A defendant seeking an *in camera* inspection to determine whether files contain *Brady* material must at least make a plausible showing that the inspection will reveal material evidence. Mere speculation is not enough."

---

[5]    For example, petitioner contends that the "medical report is relevant to the 'Battery' and should have been included in the record and provided to [him]." Aplt. Br. at 16(g). But relevancy is not enough to demonstrate a constitutional deprivation. The evidence must be favorable and material. *Pearl*, 324 F.3d at 1215. Petitioner also states that the victim "could have gotten injured while playing basketball in the gym or simply had a nose bleed. It is not known what type of injury [the victim] received, if any, because there is no 'Medical Report' in the record." Aplt. Br. at 16(g). True, but petitioner's bare assertion, without more, fails to meet the *Brady* standard.

(quotation omitted)).  Petitioner does not carry his burden under *Brady*, and LCF's officials' failure to produce the medical report, therefore, did not violate petitioner's right to procedural due process. [6]

## II.

The second question presented by our grant of COA echoes an assertion made by petitioner; that is, LCF's officials' violation of internal policy, regulations, and directives equates to a violation of petitioner's right to due process. [7]  We disagree.

---

[6]     Construing petitioner's pleadings and appellate brief liberally, as we must, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we note that petitioner also makes allegations concerning the medical report that sound like he is challenging the sufficiency of the evidence under *Hill*.  For example, petitioner contends that without a medical report documenting the victim's injuries, he should have been charged with the lesser offense of a Class A Battery; in other words, he alleges that there was not enough evidence to charge him with a Class X Battery.  Aplt. Br. at 16(e); R., Doc. 2 at 8.  But this argument, and others like it, fail because there was sufficient evidence to support petitioner's conviction of a Class X Battery.

[7]     Petitioner maintains that prison officials did not adhere to:  (a) Disciplinary Procedure OP-060125 F.3., which states that the hearing officer and inmate "will" review any videotape that is part of the evidence, and (b) Disciplinary Procedure OP-060125 F.1., which provides that evidence of the alleged violation "will be confiscated, labeled, and secured . . . and . . . retained for three years following the final appeal in the disciplinary matter."  R., Doc. 2, Ex. M.  Petitioner also contends that prison officials disregarded the instructions provided by LCF's Designee:  "Further investigation will . . . include obtaining documentation of the victim's injuries.  A medical report will be included to document the injuries [and] . . . [t]he inmate will receive a copy of the report at least 24 hours prior to rehearing."  *Id.*, Ex. G.

-12-

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Although states may create liberty interests protected by due process, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted). This case does not present a situation where "a prison regulation or practice offends a fundamental constitutional guarantee." *Turner v. Safley*, 482 U.S. 78, 84 (1987). Petitioner does not have a cognizable claim for federal habeas relief based solely on the failure of LCF to follow particular regulations and directives.

The judgment of the district court is AFFIRMED. As a final matter, we note that petitioner sought leave to proceed on appeal without prepayment of costs or fees. We have reviewed petitioner's financial declaration and GRANT his request.

Entered for the Court

Michael R. Murphy
Circuit Judge

-13-