# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1282

_____

United States of America,

    Plaintiff-Appellee,

v.

Olga Echerivel,

    Defendant-Appellant

  *
  *
  *
  *
  *   Appeal from the United States
  *   District Court for the
  *   District of Nebraska.
  *
  *   [UNPUBLISHED]
  *
  *
  *

_____

Submitted: June 14, 2010
Filed: June 22, 2010

_____

Before BYE, CLEVENGER,[1] and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury found Olga Echerivel guilty of conspiring to distribute and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The district court[2] sentenced Echerivel to 130 months

_____

[1]The Honorable Raymond C. Clevenger, III, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

imprisonment. Echerivel appeals, arguing there was insufficient evidence to support her conviction. Echerivel also contends the district court erred when it gave the jury, which was having difficulty arriving at a verdict, a supplemental instruction advising the deadlocked jurors to reconsider their position. We affirm.

Echerivel argues the government presented insufficient evidence she conspired to distribute and possess with intent to distribute fifty grams or more of methamphetamine. We review the sufficiency of evidence de novo, and reverse only if no reasonable jury could have found the accused guilty beyond reasonable doubt. United States v. Santana, 524 F.3d 851, 853 (8th Cir. 2008). The evidence is clearly sufficient to support the conspiracy conviction. See United States v. Chavez-Alvarez, 594 F.3d 1062, 1066-67 (8th Cir. 2010) (describing the elements of conspiracy). In 2007, the Omaha Police Department used controlled buys to infiltrate a conspiracy headed by Juan Correa-Gutierrez. Correa-Gutierrez used a tan Windstar van to bring drugs into the Omaha area from California. Echerivel admitted she took numerous trips in the Windstar with Correa-Gutierrez to California. A witness at trial stated that Echerivel drove the Windstar, relinquished possession of the Windstar to Correa-Gutierrez, and later seventeen pounds of narcotics were unloaded from the Windstar. The Windstar, which was registered to Echerivel, was eventually searched by Omaha Police, and methamphetamine was removed from a hidden compartment. Also, the government adduced physical evidence establishing the utilities at Correa-Gutierrez's residence were in the name of Echerivel. From the evidence, the jury could reasonably infer Echerivel's participation in a conspiracy with Correa-Gutierrez and others to distribute and possess with intent to distribute methamphetamine.

Echerivel also argues the Allen[3] charge was coercive, resulting in a deadlocked jury reaching a verdict less than two hours after the supplemental instruction was

---

[3]Allen v. United States, 164 U.S. 492 (1896). "An Allen charge is a supplemental jury instruction that advises deadlocked jurors to reconsider their positions." United States v. Walrath, 324 F.3d 966, 970 (8th Cir. 2003).

given. This court reviews a challenged jury instruction for abuse of discretion. United States v. Walrath, 324 F.3d 966, 970 (8th Cir. 2003). After eight hours of deliberation, the jury stated they had trouble reaching a unanimous decision. A supplemental jury instruction was provided and ninety minutes later the jury reached a guilty verdict. Echerivel submits that the supplemental instruction was coercive because it is not a coincidence the same jury which could not reach a unanimous decision after eight hours, returned a guilty verdict less than two hours after the supplemental instruction was given.

In determining whether a particular Allen charge has a coercive effect, the court considers (1) the content of the instruction, (2) the length of deliberation after the Allen charge, (3) the total length of deliberation, and (4) any indicia in the record of coercion or pressure on the jury. United States v. Ybarra, 580 F.3d 735, 738 (8th Cir. 2009). In Walrath, there was no coercion when an Allen charge was provided after seven hours of jury deliberation, and the jury subsequently reached a verdict an hour after receiving the supplemental instruction. 324 F.3d at 971. See also United States v. Warfield, 97 F.3d 1014, 1021-22 (8th Cir. 1996) (holding one hour post Allen instruction deliberation raises no inference of coercion). As in Walrath, considering the length of trial and the degree of complexity of this case, we cannot say the total period of deliberation was "so disproportionate as to raise an inference that the Allen charge coerced the jury." 324 F.3d at 971. Furthermore, to the extent Echerivel argues the particular wording of the Allen instruction was problematic, we reject that claim. See United States v. Smith, 635 F.2d 716, 721-23 (8th Cir. 1980) (approving the use of a substantially similar Allen charge).

Accordingly, we affirm.

_____