# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2984

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Edward Lee May, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 10, 2004

Filed: May 21, 2004

_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Edward Lee May of aiding and abetting others to commit an assault with a dangerous weapon with the intent to do bodily harm, 18 U.S.C. §§ 2, 113(a)(3), 1151, 1153, following which the district court[1] sentenced May to 46 months' imprisonment. May appeals, challenging the district court's (1) refusal to give May's requested jury instruction on voluntary intoxication; (2) admission of certain testimony about a group known as the "Red Nation Clique" and May's

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

membership therein; (3) limitation of May's cross-examination of an investigating FBI agent; and (4) instruction that the jury should "please continue [their] deliberations" when, after considering the case for eight hours, the jurors sent a note stating they could not reach a unanimous verdict.[2] Having reviewed each of these matters for an abuse of discretion, we affirm.

First, the jury heard conflicting testimony regarding the amount of alcohol May consumed on the evening of the assault, and the evidence that May was intoxicated was minimal at best. Accordingly, the district court did not abuse its discretion in refusing to instruct the jury regarding voluntary intoxication. See United States v. Phelps, 168 F.3d 1048, 1056-57 (8th Cir. 1999) (upholding refusal to give instruction where there was evidence of drinking but minimal evidence of intoxication); see also United States v. Nacotee, 159 F.3d 1073, 1076 (7th Cir. 1998) ("To warrant a voluntary intoxication instruction, a defendant must produce some evidence she was drunk enough to completely lack the capacity to form the requisite intent.").

Second, although we question the probative value of the evidence regarding a 30-second beating that initiates of the Red Nation Clique had to undergo to become members, we cannot say the district court abused its discretion in admitting this and other evidence about the group. The court attempted to limit references to the inflammatory word "gang," and the theme of the trial was not May's guilt through mere association with the group. Cf. United States v. Roark, 924 F.2d 1426, 1432-33 (8th Cir. 1991). The witnesses variously described the group as a circle of loyal friends and a "second family," evidence that was probative of May's particular role on the evening in question, the motivation for the assault, and the bias of those members who minimized May's participation during their testimony. See United

---

[2]The jury deliberated throughout a Friday and returned on Monday morning. After being instructed to continue their deliberations, the jury considered the case for another three hours before convicting May.

-2-

States v. McCoy, 131 F.3d 760, 761 (8th Cir. 1997); United States v. Johnson, 28 F.3d 1487, 1497 (8th Cir. 1994).

Third, during cross-examination, defense counsel asked whether the investigating agent had received "information" that the victim had possessed a gun and had threatened to shoot May. This information derived from the statement of a non-testifying witness who later contacted the FBI and recanted his story. The court prevented further questioning on the matter and ultimately struck on hearsay grounds the testimony pertaining to the victim's possession of a gun. Although counsel suggests that he was not seeking admission of the statement for the truth of the matter asserted, but "to establish that the government had chosen not to present this evidence," we conclude that the district court did not abuse its broad discretion in limiting cross examination and in striking the testimony. See United States v. Echols, 346 F.3d 818, 821 (8th Cir. 2003) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). The government's decision not to present a particular statement does not automatically render the statement (or testimony about it) admissible, and here we agree that the defense offered the statement for the truth it asserted, otherwise the government's decision not to present it would have been irrelevant.[3]

Finally, the district court did not abuse its discretion when it instructed the jury to continue deliberations. May admits that the length of the jury's deliberations were not sufficient to raise an inference of coercion, and we disagree that the court's "terse" instruction misled the jurors into believing that they had to reach a verdict. Although the court did not give the model charge that we approved in United States v. Thomas, 946 F.2d 73, 76 (8th Cir. 1991), its short instruction was markedly similar to that referenced in the Eighth Circuit Manual of Model Criminal Jury Instructions,

---

[3]The government's decision not to present a particular piece of evidence is noteworthy only inasmuch as that evidence pertains to a matter at issue. The out-of-court statement in this case could pertain to a matter at issue only if the statement were true.

§ 10.03, regarding lack of a unanimous verdict after polling. When viewed in context and in the light of the other instructions, we conclude that the district court's supplemental instruction was not impermissibly coercive. <u>See</u> <u>United States v. Walrath</u>, 324 F.3d 966, 970-71 (8th Cir. 2003).

The conviction is affirmed.

_____